Alan R. Ackerman, Esquire (AA9730)
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East, Suite 106
Parsippany, NJ 07054
(973) 898-1177
araesq@alanackermanlaw.com

John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
jpf@fullerfuller.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | | |
|---|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and RONALD MOORE, Individually, | : : : : | |
| Plaintiffs, | : : | Case No:2:16-cv-09407-KSH-CLW |
| vs. | : : | |
| NIXON SHOPPING CENTER, L.L.C., a New Jersey Limited Liability Company; and EDISON CENTER LLC, a New Jersey Limited Liability Company, | : : : : | |
| Defendant(s). | : / | |

## AMENDED COMPLAINT

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and RONALD MOORE, Individually, on their behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant(s), NIXON SHOPPING CENTER, L.L.C.,, and EDISON CENTER LLC (sometimes referred to as "Defendants"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and

costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the

New Jersey Law Against Discrimination (N.J.S.A.).

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 USC § 12181, et seq.

1.    Plaintiff, Ronald Moore, is an individual residing at 1002 Central Ave., New Providence, NJ
      07974, in the County of Union.

2.    Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under
      the laws of the State of New Jersey.  THE INDEPENDENCE PROJECT, INC. maintains its
      principal office at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

3.    Defendant, EDISON CENTER, L.L.C., a New Jersey Limited Liability Company, holds title
      to the subject property alleged by the Plaintiffs to be operating in violation of Title III of the
      ADA.

4.    Defendant's property, Nixon Plaza is located at 2060 Lincoln Highway, Edison, NJ 08817,
      in the County of Middlesex.

5.    Venue is properly located in the District of New Jersey because venue lies in the judicial
      district of the property situs.  The Defendant's  property is located in and does business
      within this judicial district.

6.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original
      jurisdiction over actions which arise from the Defendant's violations of Title III of the
      Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and
      § 2202.

7.    Plaintiff Ronald Moore is a New Jersey resident, is sui juris, and qualifies as an individual

2

with disabilities as defined by the ADA, being a quadriplegic. Ronald Moore has visited the property which forms the basis of this lawsuit on numerous occasions and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 8.

8.   Plaintiff THE INDEPENDENCE PROJECT, INC., is a nonprofit New Jersey corporation. Members of this organization include individuals with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

9.   THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendants have compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against because of its association with its disabled members and their claims.

10.   Defendants own, lease, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Nixon Plaza, and is located at 2060 Lincoln Highway, Edison, NJ 08817.

11.     THE INDEPENDENCE PROJECT, INC. and Ronald Moore have a realistic, credible,

existing and continuing threat of discrimination from the Defendant's non-compliance with

the ADA with respect to this property as described but not necessarily limited to the

allegations in paragraph 13 of this complaint. Plaintiffs have reasonable grounds to believe

that they will continue to be subjected to discrimination in violation of the ADA by the

Defendant. Ronald Moore desires to visit Nixon Plaza not only to avail himself of the goods

and services available at the property but to assure himself that this property is in compliance

with the ADA so that he and others similarly situated will have full and equal enjoyment of

the property without fear of discrimination.

12.     The Defendant has discriminated against the individual Plaintiff and members of the

corporate Plaintiff organization by denying them access to, and full and equal enjoyment of,

the goods, services, facilities, privileges, advantages and/or accommodations of the

buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13.     The Defendant has discriminated, and continues to discriminate, against the Plaintiffs in

violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992

(or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000

or less). A preliminary inspection of Nixon Plaza has shown that violations exist. These

violations that Ronald Moore personally encountered or observed include, but are not limited

to:

Parking and Exterior Accessible Route

A.     Parking spaces throughout Nixon Plaza are not maintained; lack access aisles contain slopes
and abrupt changes of level within the spaces, violating Sections 502 and 502.4 of the 2010
Accessibility Standards. These conditions prevented Mr. Moore from unloading from his
vehicle freely and safely.

B.   Curb ramps and ramps provided to access stores at Nixon Plaza were unsafe for Ronald Moore's use and are not provided in some areas of the center. The curb ramps contain abrupt changes of level, contain cross slopes and slopes beyond the limits, violating Sections 405, 406 and 502.7 of the 2010 Accessibility Standards.

C.   The exterior accessible route from parking spaces at Nixon Plaza fails to lead to ramps or curb ramps and was found to contain cross slopes and abrupt changes of level, violating Sections 403.4 and 402 of the 2010 Accessibility Standards.  An accessible route for Mr. Moore is not provided throughout the plaza.  This condition forced Mr. Moore to access the facility through the vehicular route, and to risk falling out of his wheelchair due to non-compliant slopes and cross-slopes.

D.   Entering tenants throughout Nixon Plaza is impeded by abrupt changes of level and slopes at the base of doors, violating Section 404 of the 2010 Accessibility Standards.  This condition prevented Mr. Moore from accessing tenant spaces without assistance.

E.   Nixon Plaza fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.  This condition forced Mr. Moore to endanger his safety by accessing the street through the vehicular route.

Access to Goods and Services

F.   China Chef, La Bonbonniere Bake Shoppe and other restaurants fail to provide accessible dining tables for those in wheelchairs, violating Section 902 of the 2010 Accessibility Standards.  This condition prevents Mr. Moore from eating without assistance.

G.   Payment counters throughout Nixon Plaza are mounted beyond the reach of Mr. Moore and others in wheelchairs, violating Sections 308 and 904 of the 2010 Accessibility Standards. This condition prevented Mr. Moore from transacting business like able bodied individuals and was extremely humiliating.

Restrooms

H.   Restrooms at Nixon Plaza including China Chef, La Bonbonniere Bake Shoppe, Lovely Laundromat, Hair Salons and other restrooms were reported to be unsafe for use by the plaintiff. Inspection revealed Mr. Moore was unable to use the restrooms safely due to a lack of accessibility.  Including, inaccessible water closets which lack proper controls and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards. This condition prevented Mr. Moore from using the restrooms without assistance.

I.   Restrooms at Nixon Plaza provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.  This condition prevented Mr. Moore from accessing the dispensers without assistance.

5

J.   Lavatories at China Chef, La Bonbonniere Bake Shoppe, Lovely Laundromat, Hair Salons and other restrooms lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.  Mr. Moore is unable to use non-compliant lavatories without assistance.

K.   China Chef, La Bonbonniere Bake Shoppe, Lovely Laundromat, Hair Salons and other tenants provide restrooms that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. This condition prevents Mr. Moore from flushing the toilet without assistance and to use the toilet without assistance.

L.   Restrooms provided at Nixon Plaza provide improper identification signage and is impeded by improper door hardware with a lack of maneuvering space to enter/exit, violating Section 404 of the 2010 Accessibility Standards.  This condition prevented Mr. Moore from using the restroom without assistance.

14.   All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15.   The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this

6

discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

18. Plaintiffs have retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation

that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

21.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Nixon Plaza to make its facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

8

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II

### VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

22.    Plaintiffs reallege all prior obligations as if fully set forth herein.  Plaintiffs repeat the allegations contained in all of the proceeding paragraphs.

23.    Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

24.    New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public

accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right.  (See, N.J.S.A. 10:5-4.)

25.   As a result of the aforementioned discrimination, Plaintiff Ronald Moore has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Ronald Moore demands judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Respectfully Submitted,

Alan R. Ackerman, Esquire
LAW OFFICES OF ALAN R. ACKERMAN
1719 Route 10 East
Parsippany, NJ 07054
(973) 898-1177
(973) 898-1230 - Facsimile
araesq@alanackermanlaw.com

John P. Fuller, Esquire, *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

By: _____
    Alan R. Ackerman, Esquire
Date: 2/10/2017
Counsel for Plaintiffs The Independence
Project, Inc. and Ronald Moore